UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>DANTE CURRY,<br>    Defendant. | Case No. 18-cr-00609-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 31 |

On March 11, 2021, defendant Dante Curry filed a motion for compassionate release. Dkt. No. 31. On April 23, 2021, the Court heard oral arguments on defendant's motion. For the reasons set forth below, the Court DENIES defendant's motion without prejudice to renew in the event defendant's health or prison conditions significantly deteriorates or if sufficient time has passed.

**BACKGROUND**

On April 26, 2019, defendant pled guilty to a three-count indictment: (1) violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm; (2) violation of 21 U.S.C. §§841(a)(1), (b)(1)(B)(viii), Possession with Intent to Distribute Methamphetamine; and (3) violation of 21 U.S.C. §§841(a)(1), (b)(1)(C), Possession with Intent to Distribute Cocaine Base. Dkt. Nos. 15; 16. On August 23, 2019, the Court departed downward from the applicable guideline range of 151 to 188 months and sentenced Mr. Curry to a 100-month sentence, to be followed by 4 years of supervised release. Dkt. No. 19. Defendant is incarcerated at Lompoc USP and has projected release date is November 9, 2025. Dkt. No. 31 at 1. Defendant has currently served approximately 25% of his sentence.

On March 11, 2021, defendant filed a motion seeking compassionate release pursuant to 18

U.S.C. § 3582(c)(1)(A). Dkt. No. 31. The government opposes defendant's motion and defendant has filed a reply. Dkt. Nos. 34; 36.

## LEGAL STANDARD

As amended by the First Step Act, that 18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)

The Ninth Circuit has held "the Sentencing Commission has not yet issued a policy statement 'applicable' to 3582(c)(1)(A) motions filed by a defendant" and "the Sentencing Commission's statements in U.S.S.G. § 1B1.13[1] may inform a district court . . . [but] are not binding." *United States v. Aruda,* No. 20-10245, 2021 WL 1307884, at *11 (9th Cir. Apr. 8, 2021).

---

[1] Section U.S.S.G. § 1B1.13 states:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13

**DISCUSSION**

Defendant argues his confinement during the COVID-19 pandemic and his medical conditions of asthma, obesity, hypertension, and depression are extraordinary and compelling reasons that warrant compassionate release. Dkt. No. 31 at 14-21. Defendant asserts his criminal history does not involve violent offenses and, if released, defendant would not be a danger to the community given his proposed release plan. *Id*. at 23. If released, defendant plans to reside with his partner Yarisma Morales in Richmond, California. *Id.* Defendant argues the Court could modify conditions of supervised release to require home confinement, to be followed by the original term of four years of supervised release. *Id*. at 25. Defendant also proposes the Court could order residential drug treatment in lieu of a portion of the home confinement period to ensure defendant receives treatment for his drug addiction. *Id*.

The government opposes defendant's motion and argues no extraordinary and compelling reasons warrant compassionate release. Dkt. No. 34 at 7. Except for defendant's obesity, the government argues defendant's medical conditions do not place defendant at risk of suffering severe illness from COVID-19. *Id*. at 7-9. The government asserts defendant's choice to decline to receive a COVID-19 vaccine shows that defendant failed to exercise "self-care" against COVID-19 and, therefore, defendant is not entitled to relief. *Id*. at 11. Moreover, the government argues defendant would be a danger to the community if released because defendant's criminal history involves serious offenses involving drugs and firearm. *Id*. at 14-16.

The Court has carefully considered the parties' arguments and concludes that compassionate release is not warranted at this time. The Court is concerned about the spread of COVID-19 in federal prison, and is gratified that a COVID-19 vaccine is available to defendant. The Court finds it significant that defendant has served far less than half of his sentence. Moreover, defense counsel confirmed during oral argument that defendant is currently receiving medical treatment for defendant's asthma. Further defendant has not yet taken, or had the opportunity to take, the RDAP program, which would certainly be beneficial for him.

Accordingly, the Court DENIES defendant's motion for compassionate release. Defendant's motion is denied without prejudice to renewal in the event defendant's health or prison

3

conditions significantly deteriorates or if sufficient time has passed.

**IT IS SO ORDERED**.

Dated: April 23, 2021

SUSAN ILLSTON
United States District Judge